ESTATES OF LONG BEACH v. NEW JERSEY TERMINAL DOCK
& IMPROVEMENT CO. et al.

(Circuit Court of Appeals, Second Circuit. March 28, 1912.)

No. 154.

CONTRACTS (§ 233*)—DREDGING CONTRACTS—ALLOWANCES.

Under a preliminary dredging contract, providing for reimbursement of the contractor for services rendered pending negotiations for the principal contract, which were finally abandoned, the contractor is entitled to reimbursement on account of insurance against a risk involved.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1098; Dec. Dig. § 233.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action by the New Jersey Terminal Dock & Improvement Company and another against estates of Long Beach. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 179 Fed. 973.

The following is the opinion of Chatfield, District Judge:

Under stipulation and according to the terms of the order of reference the report of the referee must be considered by this court, and judgment can only be entered in accordance with the determination of the court upon the report. The findings of the referee must be confirmed or new ones made by this court before any judgment can be entered thereon. After consideration of the issues and the testimony and of the arguments presented upon the motion for confirmation, it would seem that the report should be confirmed in its entirety and the findings of the referee sustained.

The situation seems to be that the provisional contract to pay the expenses of moving some of the plant and doing a preliminary part of the dredging was entered into for the sake of haste, pending agreement upon the principal contract for a large amount of dredging at Long Beach.

The defendant contends that this reimbursement was only on condition that the assignor did not accept, within a certain time, the contract offer, and that, as a matter of fact, the condition precedent was never performed, inasmuch as the defendant contends that the negotiations were called off by the defendant itself, for what it alleges was sufficient cause.

The referee has found against this contention, and has held that the contract to reimburse and to pay for the services rendered was a separate contract, extended by oral agreement, dependent only upon the failure to reach an agreement as to the principal contract which should merge the preliminary one in its general provisions. There seems to be competent evidence to sustain the findings of fact of the referee on this point, and his conclusions of law seem to be correct.

The only item as to which question might arise is that of insurance, but inasmuch as the transaction in question involved an additional risk, and the insurance referred to was taken out for the purpose of protection against that additional risk, it would seem to be a legitimate item of expense in connection with the carrying out of the preliminary contract, and the allowance is therefore correct.

The findings of the referee will be confirmed, as also his conclusions of law, and the plaintiffs may have judgment against the defendant for the amount reported by the referee as due to the plaintiffs, together with the costs of the action.

Charles C. Clark (Edward E. Reardon, of counsel), for plaintiff in error.

Simpson, Thacher & Bartlett (Graham Sumner, of counsel), for defendants in error.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The services for which the plaintiff recovered were specially provided for in the contract evidenced by the plaintiff's letter of May 29, 1907, and the acceptance by the defendant on the same day. These letters created a separate contract to do certain work, entirely distinct from the general contract, which was held in abeyance, pending certain tests, etc., which had not been completed. The plaintiff performed the contract in suit, but the defendant failed to perform, and this action was brought to recover damages for the breach.

The questions are not intricate, and have been carefully considered, and we think correctly decided in the court below.

The judgment is affirmed, with costs, on the report and opinion of the referee and the opinion of the district judge.